UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CASCADES BOXBOARD GROUP CT, LLC, : | |
| Plaintiff, : | 3:09cv94 (WWE) |
| v. : | |
| : | |
| UNITED STEELWORKERS (USW), : | |
| LOCAL 1840, and UNITED : | |
| STEELWORKERS, AFL-CIO, CLC, : | |
| Defendants. : | |

**MEMORANDUM OF DECISION ON MOTION TO CONFIRM AWARD AND OTHER RELIEF AND ON COMPLAINT TO VACATE ARBITRATION AWARD**

In this action, plaintiff Cascades Boxboard Group (the "Company") seeks to vacate an arbitration award issued pursuant to a collective bargaining agreement ("Agreement"). Defendants United Steelworkers ("USW"), Local 1840, and United Steelworkers, AFL-CIO, CLC have moved to confirm the arbitration award. For the following reasons, the motion to confirm the arbitration award will be granted, and the complaint to vacate the award will be denied.[1]

FACTUAL BACKGROUND

The relevant Agreement is in effect between September 2006 and 2009. It provides for grievances between the parties to be resolved through arbitration, and that the arbitrator's award "shall be final and binding as provided by law."

On January 11, 2008, the Union filed a grievance claiming a violation of the Agreement due to plaintiff's alleged utilization of "outside sources (Labor Ready) to perform bargaining unit functions."

On December 19, 2008, an arbitrator issued a decision in favor of defendants

---

[1] Defendants' request for attorney fees will be denied.

1

pursuant to the Agreement.  According to the arbitrator, the issue of this dispute "is whether the Company's action violated the terms of the parties' Agreement, and if so what shall be the appropriate remedy."[2]

The arbitrator found that plaintiff Company had violated the Agreement by using employees supplied by temporary help services on a regular and continuous basis to perform work previously performed by employees represented by the Union.  In his decision, the arbitrator acknowledged several provisions of the Agreement, including Article 1 of the Agreement.  Entitled the Recognition Clause, Article 1 provides that plaintiff "recognizes . . . Local 1840 as the sole exclusive collective bargaining agency for all hourly paid employees."

Of particular significance to this dispute, the arbitrator noted that several provisions provided plaintiff with the right to hire "outside workers."  The Repair and Maintenance Crew clause states:

> When work is assigned to outside forces, which is not considered to be operating maintenance, preventative maintenance, or day to day equipment repairs, there shall be no penalty to the Company.  The Company will notify the Local Union of any decision to bring in outside forces.  The above language supersedes all existing language, position statements, special agreements, Letters of Instruction, grievance answers, arbitration awards or any other source related to jurisdictional work assignments and contracting outside forces.

The arbitrator noted that "the terms of the management rights clause along with the language of the Repair and Maintenance Crew clause, grant the Company broad authority to 'subcontract' or use 'outside forces' to perform bargaining unit work." However, the arbitrator went on to hold that the right to use outside workers was not limitless, reasoning that outside forces were contractually permitted where there was

---

[2] The parties authorized the arbitrator to frame the issue of the dispute.

"an urgent need and the work was for a limited time period" and that "the Company cannot recognize the Union as the exclusive bargaining agent of its unit employees, agree upon the terms of employment and then proceed arbitrarily to reduce the scope of the unit or undercut the terms of the agreement."  Relying upon <u>Cascade General & Pacific Coast Metal Trades</u>, 125 LA 833 (Reeves, 2008), the arbitrator stated: "Contracting out cannot be used as a device for undermining the status of the recognized exclusive agent by farming the unit jobs out to contractors."  He concluded:

> In situations where the record shows, as in the present case, that the means and manner of the outside workers' duties are equivalent to the working conditions and duties of bargaining unit members, arbitrators have determined that the "contracting in" destroys the integrity of the collective bargaining agreement . . . . The Union has the contractual right to ensure that the standards of its collective bargaining agreement apply to workers who for all practical purposes are working for the Company. Indeed, the violation to the Agreement has been found despite the employer's intent in entering into this arrangement and even though no employees have been specifically harmed by the transaction. . . . In the present case what started out as a temporary need to address a serious spill and OSHA violation, has now developed into regular work, which is bargaining unit work and must be performed by members of the bargaining unit. . . . Accordingly, the grievance must be sustained.

The arbitrator ordered plaintiff "to cease and desist from using employment agencies such as Labor Ready or AAA Staffing to provide workers to continuously and regularly clean the basement or perform other bargaining unit work."

## **DISCUSSION**

Plaintiff commenced this action alleging that the arbitration award should be vacated because (1) the arbitrator exceeded his authority by interpreting events outside of the contract and ignoring the plain text of the agreement; and (2) the arbitrator exceeded the scope of the issue presented by ordering plaintiff to cease using outside workers to regularly clean the basement and to "perform other bargaining unit work."

3

Judicial review of a labor-arbitration decision pursuant to the parties' agreement to resolve disputes by arbitration is limited.  Major League Baseball Players Assn. v. Garvey, 532 U.S. 504, 509 (2001).  The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on arbitration decisions by reviewing the merits of arbitration awards pursuant to collective bargaining agreements.  United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960).  Courts may not review an arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement.  Paperworkers v. Misco, Inc., 484 U.S. 29, 36 (1987).  If an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced the arbitrator committed serious error does not suffice to overturn the decision.  Eastern Associated Coal Corp. v. Mine Workers, 531 U.S. 57, 62 (2000).

> When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem.  This is especially true when it comes to formulating remedies.  There the need is for flexibility in meeting a wide variety of situations.  The draftsmen may never have thought of what specific remedy should be awarded to meet a particular contingency.  Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice.  He may of course look for guidance from sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement.

United Steelworkers, 363 U.S. at 596-597.

In this instance, the arbitrator's decision represents an interpretation of the contract and its terms relevant to plaintiff Company's rights and the relationship between the Company and its workers.  Thus, the decision did not result from an exercise of excess authority.  Accordingly, the Court will defer to the arbitrator's

resolution of the facts, contractual terms and appropriate remedy ordering the Company to cease hiring "outside" workers to perform collective bargaining work.

Additionally, the Court does not find that the arbitrator's decision offends any public policy concerning the Company's ability to comply with OSHA by hiring temporary workers to clean the basement. The arbitrator's decision provides that the Company cannot hire temporary workers on a regular and continuous basis to clean the basement as opposed to situations where a safety hazard requires immediate cleaning.

**Request for Attorney Fees**

Defendant requests attorney fees, although the Labor Management Relations Act does not have a fee shifting provision. Defendant argues that such an award is warranted because public policy favors the finality of arbitration awards and plaintiff has mounted an unjustified challenge to the arbitration award.

A court may exercise its equitable power to award fees against a party who, without justification, refuses to abide by the award of an arbitrator. United Food and Commercial Workers, Local 400 v. Marval Poultry Co., Inc., 876 F.2d 346, 350 (4th Cir. 1989). To determine whether a challenge to an arbitration award is unjustified, a court should consider the focus of the challenge. Mylan Pharmaceuticals, Inc. v. United Steel, 548 F. Supp. 2d 252, 264 (N.D. W. Va. 2008). Where a party challenges whether an arbitration award "draws its essence" from the contract, the standard for assessing its justification is whether there exists any arguable basis in law. Marval, 876 F.2d at 351.

In this instance, plaintiff has challenged the award on the basis that the arbitrator's award failed to draw its essence from the contract. Although the Court

disagrees, plaintiff's position has an arguable basis in law.  Accordingly, the Court will not grant defendants' request for attorney fees.

## **CONCLUSION**

For the foregoing reasons, the motion to confirm the arbitration award and other relief (Doc. # 11) is GRANTED as to confirmation of the arbitration award, but DENIED as to the request for attorney fees; the complaint to vacate arbitration award is DENIED.

The clerk is instructed to close this case.


_____/s/_____
Warren W. Eginton
Senior United States District Judge


Dated this _31st___ day of March, 2009 at Bridgeport, Connecticut.